10 F.3d 808
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charisse McGEE; June S. McGee; Marvin McGee; Martha
Sweet, through her conservator, June McGee,
Plaintiffs-Appellants,
v.
COUNTY OF LOS ANGELES; Los Angeles County Public Guardian;
Visiting Nurses Association of Pasadena & San Gabriel;
Carol De Souza; Huntington Memorial Hospital; City of
Pasadena; James Robenson; Douglas Misch; Eric McWilliams;
Yvette McDowell; Kevin La Presle, et al., David Dahl,
M.D.; Frederick McKay, M.D., et al., Defendants-Appellees.
 No. 92-55421.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1993.*
Decided Nov. 15, 1993.
 
 Before: SKOPIL, BOOCHEVER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We affirm the district court's order dismissing the action by June McGee.
 
 
 3
 McGee first argues that there was an ongoing conspiracy among all defendants to prevent her from regaining custody of Martha Sweet. This argument is immaterial to this case since McGee and the other plaintiffs entered a settlement on January 20, 1990 concerning the custody of Martha Sweet. This settlement resulted in McGee receiving custody of Sweet, and was later enforced by the district court in December, 1990.
 
 
 4
 McGee next argues that the January 20 settlement agreement was breached, and as a consequence her civil rights were violated. McGee claims that the County defendants breached the agreement by seeking fees in Probate Court. The district court found in a separate action that there was no meeting of the minds as to the fees issue, and therefore it was not part of the settlement.
 
 
 5
 McGee next argues that the January 20 settlement agreement was breached because the County defendants terminated her durable power of attorney without trial or a hearing on the merits. Again, the district court found in a separate proceeding that the power of attorney issues were not part of the settlement agreement.
 
 
 6
 McGee next argues that the January 20 settlement agreement is void because the district court lacked jurisdiction when it enforced the order on December 20. According to McGee, because the court recused itself in another action, it lacked jurisdiction to enforce the agreement. McGee fails to cite any authority for the proposition that a court's recusal in a separate case renders it without jurisdiction.
 
 
 7
 McGee next argues that the agreement was breached when the appellees wrote in a brief that the McGees accepted as consideration related to the settlement "the non-opposition of their conservatorship--resulting in June McGee being appointed conservator." According to McGee, this was a criminal act, equivalent of holding Sweet hostage in order for the defendants to improve their legal position. Nothing in the record indicates that this statement constituted a breach of the settlement agreement, or violated McGee and the other plaintiffs' civil rights.
 
 
 8
 Even if there were a breach, McGee has already sought to enforce the settlement agreement, which resulted in the December 20, 1990 enforcement order. To the extent McGee seeks a remedy for alleged breaches occurring before December, 1990, the previous enforcement proceeding bars an action for damages resulting from the breach. Arnold v. United States, 816 F.2d 1306, 1309 (9th Cir.1987) ("[I]f one party breaches a settlement, the other has the option of enforcing the terms of the settlement or rescinding the settlement and suing on the original claim.") (emphasis added); see also Village of Kaktovik v. Watt, 689 F.2d 222, 231 (D.C.Cir.1982) (party must chose either enforcement or action for breach, not both). McGee fails to substantiate any other alleged breaches occurring after December 20, 1990.
 
 
 9
 We decline to award costs and attorney's fees related to this appeal.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3